852 So.2d 653 (2003)
Clifton Lewis HOLIFIELD, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-CP-00315-COA.
Court of Appeals of Mississippi.
February 11, 2003.
Rehearing Denied April 15, 2003.
Certiorari Denied June 12, 2003.
*655 Clifton Lewis Holifield, Pro Se, attorney for appellant.
Office of the Attorney General by Wayne Snuggs, attorney for appellee.
EN BANC.
KING, P.J., for the court.
¶ 1. Clifton Lewis Holifield perfected this appeal from an order denying postconviction collateral relief entered by the Circuit Court of the Second Judicial District of Harrison County, Mississippi.
On May 5, 2000, Holifield pled guilty to a felony charge of leaving the scene of an accident. He was sentenced as an habitual offender to serve five years in the custody of the Mississippi Department of Corrections.
¶ 2. Holifield, pro se, filed a petition for post-conviction collateral relief in December 2000. This petition was dismissed by the trial court on July 5, 2001. On appeal, Holifield raises the following issues:
I. Whether the indictment was defective.
II. Whether Holifield's plea was voluntary.
III. Whether Holifield received effective assistance of counsel.
IV. Whether Holifield's constitutional right against cruel and unusual punishment was violated.
V. Whether Holifield was denied full discovery.
VI. Whether there was prosecutorial misconduct.
VII. Whether Holifield was denied access to the courts.
VIII. Whether Holifield was denied the right to a speedy trial.

FACTS
¶ 3. In August 1999, Holifield was indicted, pursuant to Miss.Code Ann. Section *656 63-3-401(1) (Rev.1996) for the felony crime of leaving the scene of an accident. In Holifield's brief, he stated that the charge arose out of an accident where his wife, who had been drinking and arguing with him, was killed when she jumped out of the van being driven by Holifield at a speed of approximately fifty-five miles per hour.
¶ 4. On September 1,1999, Holifield filed a motion to dismiss the indictment.
¶ 5. On February 25, 2000, the trial court granted a motion from the State to include habitual offender language from Miss.Code Ann. Section 99-19-81 (Rev. 2000).
¶ 6. On May 5, 2000, Holifield filed a petition to enter a plea of guilty to the charge. Holifield was sentenced as an habitual offender to a term of five years in the custody of the Mississippi Department of Corrections. In December 2000, Holifield filed a motion for post-conviction collateral relief which was denied on July 5, 2001.

ISSUES AND ANALYSIS

I.

Whether the indictment was defective.
¶ 7. Holifield contends that the indictment was defective due to the lack of "an essential descriptive element of the offense charged." The indictment charged Holifield with the felony crime of leaving the scene of an accident pursuant to Miss. Code Ann. Section 63-3-401(1) and (4) (Rev.1996). The indictment stated that:
CLIFTON LEWIS HOLIFIELD in the Second Judicial District of Harrison County, Mississippi, on or about May 29, 1998, was the driver of a vehicle involved in an accident which resulted in the injury and permanent disability of another person, to-wit: Terry Diane Holifield; and following said accident, knowingly, wilfully, unlawfully and feloniously (1) did fail to stop his vehicle at the scene of said accident or as close thereto as possible, and then return forthwith to the scene of said accident, and (2) did fail to remain at the scene of said accident and provide information and render reasonable assistance in fulfillment of the requirements of Section 63-3-405, Miss. Code of 1972, as amended, contrary to the form of Section 63-3-401(1) and (4), Miss.Code of 1972, as amended, and contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi.
The amended indictment stated that:
Clifton Lewis Holifield, is a habitual criminal who is subject to being sentenced as such pursuant to Section 99-19-81, Miss.Code of 1972, as amended, in that he, the said Clifton Lewis Holifield, has been convicted at least twice previously of felonies or federal crimes upon charges separately brought and arising out of separate incidents at different times and has been sentenced thereon to separate terms of imprisonment of one year or more, to-wit:
(1) On October 23, 1989, he the said Clifton Lewis Holifield, was convicted in the Circuit Court of Escambia County, Florida in Cause numbers: 84-5111; 84-5151; 84-5159 and 84-5682, of the felony of Worthless Checks, and on October 23, 1989, in the said Court, was sentenced to a term one (1) year and one (1) month in the custody of the Florida Department of Corrections;
(2) On May 18, 1999, he the said Clifton Lewis Holifield, was convicted in the Circuit Court of Escambia County, Florida in Cause numbers: 99-0788 and 99-0789 of the felony of Worthless Checks, and on May 18, 1999, in the said Court, *657 was sentenced to a term of one (1) year and one (1) month in the custody of the Florida Department of Corrections.
¶ 8. Whether an indictment is fatally defective is an issue of law and deserves a relatively broad standard of review by this Court. Porter v. State, 749 So.2d 250 (¶ 34) (Miss.Ct.App.1999). In undertaking this review, this Court observes that:
Mississippi's law dictates only two exceptions in which a voluntary guilty plea does not waive a defect. Jefferson v. State, 556 So.2d 1016, 1019 (Miss.1989). If an indictment fails to charge a necessary element of a crime or if there exists no subject matter jurisdiction, then a guilty plea does not constitute a waiver. Id. Moreover, in Anderson v. State, 577 So.2d 390 (Miss.1991), this Court recognized "that a valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial." Anderson, 577 So.2d at 391.
Banana v. State, 635 So.2d 851, 853-54 (Miss.1994).
¶ 9. The indictment clearly charges an offense cognizable under the laws of Mississippi. The general rule is that where an indictment tracks the language of a criminal statute it is sufficient to inform the accused of the charge against him. Ward v. State, 479 So.2d 713, 715 (Miss.1985). The indictment tracks the language of the statute[1] and is therefore sufficient. Accordingly, any defect in the indictment would have been waived by Holifield's guilty plea. Banana, 635 So.2d at 853-54. However, this Court finds no defect in the indictment.

II.

Whether Holifield's plea was voluntary.
¶ 10. Holifield contends that his guilty plea was involuntary. He claims that his plea was involuntary because his third attorney misrepresented the law and that he entered his plea of guilty on the reliance of counsel's information. In his brief, Holifield asserts that his attorney stated that the time he served in Florida would be credited in Mississippi because *658 Mississippi had an outstanding detainer against him during this time period.
¶ 11. The trial court found Holifield's plea was voluntary. This Court will not set aside findings of a trial court sitting without a jury unless such findings are clearly erroneous. Stevenson v. State, 798 So.2d 599(¶ 7) (Miss.Ct.App.2001).
¶ 12. If a plea is to be considered voluntary, it is essential that an accused have knowledge of the critical elements of the charge against him, that he fully understand the charge, how it involves him, the effects of a guilty plea to the charge, and what might happen to him in the sentencing phase as a result of having entered the plea of guilty. Reeder v. State, 783 So.2d 711(¶ 20) (Miss.2001).
¶ 13. It was Holifield's responsibility to place before the trial court the proof needed to support his request for postconviction relief. Colenburg v. State, 735 So.2d 1099 (¶¶ 5-6) (Miss.Ct.App.1999). It is also Holifield's responsibility to ensure that the relevant information submitted to the trial court is placed before this Court. This includes the designation as a part of the appellate record all of those items which impact the claim for post-conviction relief. Id. at (¶ 6). He has not done so.
¶ 14. While this Court was not provided a copy of the plea transcript, the trial judge noted in his order denying postconviction collateral relief that "[t]he plea hearing clearly shows Holifield knew the elements of the crime with which he was charged, understood the consequences of pleading guilty and the rights he was waiving by doing so, and was fully advised as to the possible sentence." The trial judge further indicated that Holifield said that "his plea was not the result of any threat or promise of reward, and acknowledged he was guilty of leaving the scene."
¶ 15. Absent evidence to the contrary, we find that Holifield's plea was voluntary.

III.

Whether Holifield received effective assistance of counsel.
¶ 16. Holifield contends that he was denied effective assistance of counsel during all stages of the proceedings. Since his arrest arising from this incident, Holifield has been represented by three attorneys. Holifield claims that his first attorney failed to file a motion for speedy trial which caused him to file the motion on his own. However, the entry of a guilty plea waives the issue of whether a defendant received a speedy trial. Anderson v. State, 577 So.2d 390, 391-92 (Miss.1991). In order to succeed on a claim that counsel breached the minimum level of performance by failing to assert a speedy trial issue, a petitioner has the burden of showing such an issue could have merit. Ellis v. State, 773 So.2d 412(¶ 5) (Miss.Ct.App. 2000). Holifield asserts that his filing a motion for speedy trial in lieu of his attorney doing so is indicative of its merit.
¶ 17. Next, Holifield claims that his second attorney made a "firm representation" that upon Holifield's return from Florida back to the Harrison County Adult Detention Center, he would be released because his Mississippi time would run concurrently with his prior sentence. Additionally, Holifield claims that his attorney made various statements to the media and failed to render competent representation.
¶ 18. Regarding the third attorney, Holifield asserts that the third attorney swore that the time served would be credited against his Mississippi sentence. Holifield has provided no proof of the allegations.
¶ 19. To prevail on an ineffective assistance of counsel claim, one is required to show that (1) counsel's performance was *659 deficient and (2) that the deficiency prejudiced the defense. Ellis, 773 So.2d at 413(¶ 3).
¶ 20. We find that Holifield has failed to show that the deficiencies of his attorneys, if any, prejudiced his defense.

IV.

Whether Holifield's constitutional right against cruel and unusual punishment was violated.
¶ 21. Holifield contends that the length of his sentence violates the Eighth Amendment of the U.S. Constitution regarding cruel and unusual punishment. He maintains that "the sentence imposed was equivalent to the same as an accused that left the scene of an accident that had injured someone or resulted in there [sic] death."
¶ 22. Holifield was indicted pursuant to Miss.Code Ann. Section 63-3-401(1) and (4) (Rev.1996), which states that "upon conviction, [a defendant] shall be guilty of a felony and shall be punished by imprisonment for not less than one (1) year nor more than five (5) years, or by fine of not less than One Thousand Dollars ($1,000.00) nor more than Ten Thousand Dollars ($10,000.00), or by both such fine and imprisonment."
¶ 23. In his order, the trial judge stated:
Holifield agreed with the prosecutor's statement that the plea was being entered in exchange for the State's recommendation of five years day for day, the maximum sentence allowed, and the State's agreement not to pursue any homicide charge out of the incident. In open court, Holifield admitted he understood and was informed of the recommendation before the hearing.
¶ 24. The Mississippi Supreme Court has held on several occasions that the imposition of sentence is within the trial court's discretion, and "we will not review the sentence so imposed, if it is within the prescribed limits of the statute." Shabazz v. State, 729 So.2d 813(¶ 35) (Miss.Ct.App. 1998). The sentence imposed upon Holifield was within the trial court's discretion, and is not facially disproportionate. This Court finds no error in its imposition.

V.

Whether Holifield was denied full discovery.
¶ 25. Holifield contends that he was deprived of the right to inspect or have an expert examine the State's evidence. He indicated that he did not have the opportunity to view or inspect his vehicle, which was involved in the accident. Holifield claims the State allowed the storage company to dispose of the evidence.
¶ 26. Here, the trial judge declined to address this issue by stating that "Holifield gives no facts regarding any denial of discovery." This Court acts upon matters contained in the official record and not upon assertions in briefs. Colenburg, 735 So.2d at (¶ 6).
¶ 27. However, as noted in issue III, a valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial. Anderson v. State, 577 So.2d 390, 391 (Miss.1991). This issue is therefore without merit.

VI.

Whether there was prosecutorial misconduct.
¶ 28. Holifield contends that the State controlled the case and interfered with defense counsel's choices. Holifield alleges that the prosecution engaged in *660 misconduct by stating if Holifield declined to enter a plea of guilty to leaving the scene of an accident, that he would be indicted on a charge of manslaughter. Holifield alleges that this act was threatening and coercive and compelled him to enter a plea of guilty to leaving the scene of an accident.
¶ 29. The U.S. Supreme Court has stated that in the "give-and-take" of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer. Bordenkircher v. Hayes, 434 U.S. 357, 363, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978).
¶ 30. Clearly Holifield was not required to accept a plea bargain. It was within the prosecution's discretion to determine upon which charge to seek an indictment, Watts v. State, 717 So.2d 314 (¶ 14) (Miss.1998), and within Holifield's discretion to accept or reject any proposed plea bargain from the prosecution. Graves v. State, 492 So.2d 562, 567 (Miss.1986).

VII.

Whether Holifield was denied access to the courts.
¶ 31. Holifield contends that he filed a pro se motion to the trial court but never received a response. He states that he later found out through his third attorney that his motion for a writ of mandamus was forwarded to his second attorney, who did not advise him that a response had been received. He maintains that denial of access to the courts began when he was incarcerated in Florida and "attempted numerous times to file his pro se motions and have them placed upon the record, and they were returned by the Circuit Court Honorable Clerk of Harrison County, Mississippi and the Clerk's reasons were not only unexceptable [sic], but totally confusing."
¶ 32. Holifield's mandamus request dealt with the pursuit of his motion for post-conviction relief. The trial court addressed Holifield's request for post-conviction relief and thereby mooted the reason for requesting a writ of mandamus.

VIII.

Whether Holifield was denied the right to a speedy trial.
¶ 33. Holifield contends that he was denied the right to a speedy trial. He asserts that his plea hearing was held approximately two years after his arrest.
¶ 34. By pleading guilty, Holifield waived the issue of lack of a speedy trial. Anderson v. State, 577 So.2d 390, 391 (Miss.1991). We therefore find that this issue is without merit.
¶ 35. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT, DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, AND CHANDLER, JJ., CONCUR. GRIFFIS, J., NOT PARTICIPATING.
NOTES
[1] Miss.Code Ann. Section 63-3-401 (Rev. 1996). Duties of drivers involved; sanctions provide:

(1) The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of Section 63-3-405.
(2) Every stop under the provisions of subsection (1) of this section shall be made without obstructing traffic or endangering the life of any person more than is necessary.
(3) Except as provided in subsection (4) of this section, if any driver of a vehicle involved in an accident that results in injury to any person willfully fails to stop or to comply with the requirements of subsection (1) of this section, then such person, upon conviction, shall be punished by imprisonment for not less than thirty (30) days nor more than one (1) year, or by fine of not less than One Hundred Dollars ($100.00) nor more than Five Thousand Dollars ($5,000.00), or by both such fine and imprisonment.
(4) If any driver of a vehicle involved in an accident that results in the death of another or the mutilation, disfigurement, permanent disability or the destruction of the tongue, eye, lip, nose or any other limb, organ or member of another willfully fails to stop or to comply with the requirements under the provisions of subsection (1) of this section, then such person, upon conviction, shall be guilty of a felony and shall be punished by imprisonment for not less than one (1) year nor more than five (5) years, or by fine of not less than One Thousand Dollars ($1,000.00) nor more than Ten Thousand Dollars ($10,000.00), or by both such fine and imprisonment.
(5) The commissioner shall revoke the operator's or chauffeur's license of any person convicted under this section.