LEE, P.J.,
 

 for the Court.
 

 PROCEDURAL HISTORY AND FACTS
 

 ¶ 1. On August 10, 2006, a jury in the Lauderdale County Circuit Court found Alvin Thompson guilty of possession of cocaine with intent to sell. Thompson was sentenced to serve thirty years in the custody of the Mississippi Department of Corrections. In the agreed sentencing order, which was approved by the trial court, the State agreed to dismiss pending charges, and Thompson agreed not to file an appeal or a motion for post-conviction collateral relief in the matter. Furthermore, according to the agreement, Thompson would not be sentenced as a habitual offender.
 

 ¶ 2. On February 26, 2007, Thompson filed a motion to vacate the agreed sentencing order. The trial court summarily dismissed Thompson’s motion, treating it as a motion for post-conviction relief. Thompson now appeals, asserting the following issues which we have reordered for clarity: (1) the trial court failed to fully examine his motion and note his actual innocence; (2) the verdict was against the overwhelming weight of the evidence; (3) the State failed to prove the elements of the crime charged; (4) the trial court erred in accepting the jury verdict because the State failed to prove the charge; (5) he is innocent of the crime charged; (6) the indictment was defective; (7) the State committed prosecutorial misconduct in cross-examining him; (8) he received ineffective assistance of counsel; and (9) he was denied due process.
 

 STANDARD OF REVIEW
 

 ¶ 3. A trial court’s dismissal of a motion for post-conviction relief will not be reversed absent a finding that the trial court’s decision was clearly erroneous.
 
 Williams v. State,
 
 872 So.2d 711, 712(¶ 2) (Miss.Ct.App.2004). However, when issues of law are raised, the proper standard of review is de novo.
 
 Brown v. State,
 
 731 So.2d 595, 598(¶ 6) (Miss.1999).
 

 DISCUSSION
 

 ¶ 4. Thompson’s first five issues listed above are barred and, therefore, are discussed together. Thompson asserts that the State failed to prove that he was actually guilty of possession with intent to sell. Mississippi Code Annotated séction 99-39-21(2) (Rev.2007) prohibits raising an issue on post-conviction relief that was factually determined at trial and on direct appeal. Thus, Thompson is barred from relitigating his guilt in his motion for post-conviction relief. We also note that, if this Court were to review the merits of Thompson’s claims, Thompson has failed to present a record containing proof of his allegations. It is incumbent upon a post-conviction relief petitioner to present a record containing proof to support his petition.
 
 Holifield v. State,
 
 852 So.2d 653, 658(¶13) (Miss.Ct.App.2003). We now turn our attention to the other four issues raised by Thompson on appeal.
 

 I. WAS THE INDICTMENT DEFECTIVE?
 

 ¶ 5. Thompson alleges that his indictment was defective. However, Thompson has failed to provide this Court with a copy of his indictment. As stated previously, it is Thompson’s duty to present proof to support his petition.
 
 Id.
 
 This issue is without merit.
 

 II. DID THE STATE COMMIT PROSECUTORIAL MISCONDUCT?
 

 ¶ 6. Thompson asserts that, when cross-examining him, the prosecutor inquired as to his “application for an [sic]
 
 *528
 
 court appointed counsel.” While there is no record of the trial before this Court, in his brief, Thompson confesses that his counsel objected, and the objection was sustained and a limiting instruction was given. Mississippi Code Annotated section 99-39-21(1) (Rev.2007) provides that collateral estoppel precludes raising any issue in post-conviction relief that could have been raised at trial or upon appeal. This issue is procedurally barred. Moreover, if it were not barred, it would be without merit. A timely objection promptly sustained by a trial court and directions to disregard improper arguments generally cure “any taint of prejudice” to the defendant.
 
 Turner v. State,
 
 721 So.2d 642, 645(¶ 6) (Miss.1998) (citation omitted).
 

 III. WAS THOMPSON’S TRIAL COUNSEL INEFFECTIVE?
 

 ¶ 7. Thompson argues that his trial counsel was ineffective. Prisoners alleging ineffective assistance of counsel in a post-conviction relief petition must show the elements of the claim with specificity and detail.
 
 Sandifer v. State,
 
 799 So.2d 914, 918(¶ 12) (Miss.Ct.App.2001). Specifically, Thompson must allege facts showing his counsel’s performance was deficient, and that the deficient performance prejudiced his defense.
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Furthermore, a prisoner’s ineffective assistance claim is without merit when the only proof offered is the prisoner’s own affidavit.
 
 Buckhalter v. State,
 
 912 So.2d 159, 162(¶13) (Miss.Ct.App.2005).
 

 ¶ 8. Thompson’s chief argument is that his attorney did not interview him until the day before the trial. However, Thompson fails to state how this prejudiced his defense. We are unpersuaded by Thompson’s vague assertions and find no merit to this issue. We note that his attorney was able to procure a sentencing deal where Thompson would not be sentenced as a habitual offender and arranged for the dismissal of another charge with a potential sixty-year sentence.
 

 IV. WAS THOMPSON DENIED DUE PROCESS?
 

 ¶ 9. In his final issue on appeal, Thompson asserts that the clause of his agreed sentencing order prohibiting him from seeking post-conviction relief denies him due process. The State does not contend that Thompson’s waiver of post-conviction relief is a waiver of his constitutional right to habeas corpus under Article 3, Section 21 of the Mississippi Constitution. Nothing in our Constitution or jurisprudence suggests that an individual can ever lose his right to challenge the legality of his incarceration. However, it is still incumbent upon a post-conviction relief petitioner to meet the procedural and substantive requirement of post-conviction relief pleadings. Therefore, while Thompson retained the ability to challenge the legality of his incarceration, nothing in the record shows that he is illegally confined. This issue is without merit.
 

 ¶10. THE JUDGMENT OF THE LAUDERDALE COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUD-ERDALE COUNTY.
 

 KING, C.J., MYERS, P.J, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. IRVING, J„ CONCURS IN RESULT ONLY.