IRVING, P.J.,
for the Court:
¶ 1. On August 25, 2008, George May pleaded guilty to statutory rape. The Marion County Circuit Court sentenced May to a term of thirty years in the custody of the Mississippi Department of Corrections. On January 27, 2012, May filed a motion requesting copies of the transcripts from his plea and sentencing hearings. The circuit court interpreted May’s motion as a motion for post-conviction relief (PCR) and summarily dismissed the motion as time-barred. Feeling aggrieved, May appeals and argues that the circuit court erred in construing his motion as a PCR motion.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. Three years and five months after pleading guilty to statutory rape, May filed a motion in the circuit court, which reads, in part, as follows:
George May (May) enter[ed] a plea of guilty in the above cause on August 25, 2008. He was sentenced to 30 [years] under the custody of [the Mississippi Department] of Corrections on September 05, 2008.
May [is] now aggrieved by his plea[,] which was the result of ineffective assistance of [counsel]. May now seek[s] Post[-]Conviction Collateral Relief pursuant to [Mississippi] Code [Annotated section 99-39-1.]
The purpose of this motion is to ask the court[ ] for the plea transcript, the sentencing transcript, and any pretrial motions that [were] recorded in the Marion County Circuit Court. The records are needed to assist May in his [PCR motion].
The circuit court interpreted May’s motion as a PCR motion, which it dismissed as time-barred. Additional facts, as necessary, will be related during our analysis and discussion of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 4. May contends that the circuit court erred in characterizing his request for documents as a PCR motion. Appellate courts review a circuit court’s dismissal of a PCR motion for abuse of discretion. Burrough v. State, 9 So.3d 368, 371 (¶ 6) (Miss.2009). According to Mississippi Code Annotated section 99-39-11(2) (Supp.2012), a circuit court may summarily dismiss a PCR motion “[i]f it plainly appears from the face of the motion, any annexed exhibitsf,] and the prior proceedings in the case that the movant is not entitled to any relief.” Additionally, the Mississippi Su *1109 preme Court has stated that “pleading[s] cognizable under the [Uniform Post-Conviction Collateral Relief Act (UPCCRA)] will be treated as ... motion[s] for post-conviction relief that [are] subject to the procedural rules promulgated therein, regardless of how the plaintiff has denominated or characterized the pleading[s] Knox v. State, 75 So.3d 1030, 1035 (¶ 12) (Miss.2011) (citations omitted).
¶ 5. Contrary to May’s assertion that his motion was not a PCR motion, the plain language of the motion suggests otherwise. May states in his motion that he is seeking “Post[-]Conviction Collateral Relief pursuant to [Mississippi] Code [Annotated section 99-39-1]” because his plea was the result of ineffective assistance of counsel. Therefore May’s motion is indeed a PCR motion, and the circuit court did not err in disposing of May’s motion as such.
¶ 6. Also, we find that the circuit court properly dismissed the motion as time-barred. Mississippi Code Annotated section 99-39-5(2) (Supp.2012) states that a PCR movant who has previously entered a guilty plea has three years from the date of the entry of his judgment of conviction to file a PCR motion. Here, May filed his PCR motion approximately five months after the limitations period had expired. Thus, May’s motion was time-barred.
¶ 7. Even if the circuit court had not disposed of May’s motion as a PCR motion, it, nevertheless, properly dismissed the motion. “[T]here are two ... ways in which a criminal defendant may challenge a [circuit] court proceeding: (1) a direct appeal from a conviction, or (2) a proceeding under the [UPCCRA].” Fleming v. State, 553 So.2d 505, 506 (Miss.1989). Pursuant to Mississippi Code Annotated section 99-35-101 (Supp.2012), an individual is not entitled to a direct appeal to our supreme court if he “enters a plea of guilty and is senteneed[.]” Therefore, because May pleaded guilty, he was not entitled to a direct appeal to our supreme court.
¶ 8. Accordingly, May’s only option for appellate review is pursuant to the UPCCRA. A PCR movant “who has filed a proper motion pursuant to [the UP-CCRA], and whose motion has withstood summary dismissal under Mississippi Code Annotated section 99-39-11(2) ..., may be entitled to trial transcripts [or other relevant documents] under ... Mississippi Code Annotated section 99-39-15 (Rev. 2007),” within the discretion of the circuit court, if the movant shows good cause. Bell v. State, 105 So.3d 401, 403 (¶ 8) (Miss.Ct.App.2012) (quoting Fleming, 553 So.2d at 506). If his PCR motion is later denied, he may appeal the denial and include in his appeal the claim that the circuit court erred in denying his request for documents. Id.
¶ 9. However, the UPCCRA does not allow a prisoner to initiate “an independent, original action for free documents [and] where he is not pleased with the [circuit court’s] ruling, to directly appeal that ruling to this Court as a separate and independent action.” Kemp v. State, 904 So.2d 1137, 1139 (¶ 11) (Miss.Ct.App.2004) (quoting Fleming, 553 So.2d at 506) (internal quotation marks omitted). Therefore, the circuit court properly dismissed May’s motion because, having instituted an action outside of the UPCCRA and having failed to demonstrate any need for the documents other than to search them for mistakes allegedly committed by his trial attorney, the court lacked jurisdiction to consider the motion.
If 10. THE JUDGMENT OF THE MARION COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR *1110 POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARION COUNTY.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.