WILSON, J.,
for the Court:
¶ 1. Andy Minor, a prisoner in the custody of the Mississippi Department of Corrections, filed a “Motion for the Issuance of a Subpoena Duces Tecum” in' the Circuit Court of Jefferson County. Minor’s motion sought to compel the Mississippi Crime Laboratory to produce the results of any analysis of a spent cartridge found at the scene of the crimes of which he was previously convicted. The motion was unrelated to any pending motion for post-conviction relief (PCR). The circuit court denied the motion and dismissed -the case for lack of jurisdiction. We likewise dismiss Minor’s appeal because a prisoner has no right to institute an independent, original action for discovery unrelated to a pending PCR motion. ■ ■
FACTS AND PROCEDURAL HISTORY
¶ 2. In 2010, Minor was convicted in the Jefferson County Circuit Court of shooting into an occupied dwelling, aggravated assault, and. possession of a firearm by a convicted felon. The court sentenced him as a habitual offender, pursuant to Mississippi Code Annotated section 99-19-81 (Rev.2015), and imposed consecutive sentences of imprisonment totaling forty years. This Court affirmed on direct appeal. Minor v. State, 89 So.3d 710, 717 (¶ 24) (Miss.Ct.App.2012).
¶3. Minor has since filed multiple motions in the Mississippi Supreme 'Court requesting leave to file a PCR motion in the trial court. Said motions were denied as “unsupported” and/or procedurálly barred. In denying the second such motion filed by Minor, the Supreme Court “warned [him] that future filings in this matter which fail to meet the exceptions to the procedural bars may be deemed frivolous and may 'result in the imposition of appropriate sanctions.” Minor v. State, No.2013-M-00447 (Miss. Feb. 12, 2014). Undeterred, Minor filed a third such motion, which was also denied as procedurálly barred and without merit. Minor v. State, No.2013-M-00447 (Miss. Aug. 12, 2015).
*439 ¶ 4. On November 3, 2014, Minor filed a “Motion for the Issuance of a Subpoena Duces Tecum” in the circuit court. The motion sought to compel the Mississippi Crime Laboratory to produce a spent cartridge found at the scene of the crimes of which Minor was convicted. Minor attached a portion of his trial transcript in which a deputy sheriff testified that he found a spent cartridge at the scene and sent it to the crime lab. Minor alleges that the results of any analysis'of the cartridge were never disclosed to him. The circuit court found that Minor’s filing was in the nature of ai PCR motion and dismissed for lack of jurisdiction because the Supreme Court had not granted Minor leave to file the motion. See Miss.Code Ann. § 99-39-7 (Rev.2015).
ANALYSIS
¶5. We dismiss Minor’s appeal for lack of jurisdiction but for a different reason than the circuit court. As the Supreme Court explained in Fleming v. State,
A prisoner who has filed a proper [PCR] motion ... ,■ and whose motion has withstood summary dismissal ..., may be entitled to trial transcripts or other relevant documents under the discovery provisions of [Mississippi Code Annotated section] 99-39-15, upon good cause shown and in the discretion of the trial judge. If the prisoner’s request for transcripts or other documents is denied, and his overall petition is ultimately denied, then he may appeal the denial of his petition for collateral relief pursuant to [Mississippi Code Annotated section] 99-39-25 which provides that final judgments entered under the [Uniform Post-Conviction Relief] Act may be reviewed by this Court on appeal brought by either' the' State or the prisoner. Within that appeal, the prisoner may include the claim that the denial of his request for transcripts or other documents was error..., •
However, nothing in the Uniform Post-Conviction Collateral Relief Act or elsewhere gives a prisoner the right to institute an independent, original action for a free transcript or other documents, and then if dissatisfied with the trial court’s ruling, to directly appeal that ruling to this Court as a separate and independent action. Fleming did not file his request for [a] free transcript and other documents as part of a motion under the Act for post-conviction collateral relief....
Therefore, this appeal should be dismissed due to a lack of jurisdiction.
Fleming v. State, 553 So.2d 505, 506 (Miss. 1989) (emphasis added); accord Haynes v. State, 174 So.3d 953, 955-56 (¶¶8-10) (Miss.Ct.App.2015); Wooten v. State, 127 So.3d 322, 323 (¶¶ 8-9) (Miss.Ct.App.2013); Hodgin v. State, 960 So.2d 597, 597-98 (¶ 3) (Miss.Ct.App.2007).
¶ 6. Like Fleming, Minor did not file his motion for crime lab test results as part of a pending PCR motion, much less one that had withstood, summary dismissal. He could not have done so because the .Supreme Court denied him leave to file such a motion. As a prisoner has no “right to institute an independent, original action for ... documents” related to his conviction, the circuit court properly denied his motion and dismissed the case. Fleming, 553 So.2d at 506. We likewise dismiss Minor’s appeal for lack of jurisdiction. Id.; Haynes, 174 So.3d at 956 (¶ 10).[1]
*440 ¶7. THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JEFFERSON COUNTY.
LEE, c:j., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR AND JAMES, JJ., CONCUR. GREENLEE, J., NOT PARTICIPATING.

. In Haynes, we observed that the prisoner appeared to have filed his independent action for documents in an effort to circumvent pri- or orders warning and sanctioning him for frivolous PCR filings. The same appears to be true, here. Therefore, ■ as in Haynes, "if *440 [Minor] ‘persists in filing facially frivolous post-conviction pleadings’ — or, as in this case, related frivolous motions — ‘as an appropriate sanction, a circuit court judge may well be justified in denying [a future] request [by Minor] for in forma pauperis status.’ ” Haynes, 174 So.3d at 956 n. 3 (quoting Williams v. State, 98 So.3d 484, 489 (¶ 19) (Miss.Ct.App. 2012)).