# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2015-CT-00521-SCT

*DAVID JACKSON a/k/a DAVID DONNELL*
*JACKSON*

*v.*

*STATE OF MISSISSIPPI*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 03/06/2015 |
| TRIAL JUDGE: | HON. JOHN HUEY EMFINGER |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DAVID JACKSON (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEFFREY A. KLINGFUSS |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 03/16/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WALLER, CHIEF JUSTICE, FOR THE COURT:**

¶1.     David Jackson, *pro se*, appealed from the Madison County Circuit Court's denial of his Motion for Transcripts and Records.  The Court of Appeals dismissed Jackson's appeal for lack of jurisdiction. On certiorari review, we find the Court of Appeals correctly recognized the issue was lack of subject matter jurisdiction. But it was the trial court that lacked jurisdiction, not the appellate court. So we modify the Court of Appeals' disposition and affirm.

## DISCUSSION

¶2.     On direct appeal, the Court of Appeals affirmed Jackson's conviction for possession of cocaine with intent to distribute and sentence, as a habitual offender, to thirty years in the custody of the Mississippi Department of Corrections. *Jackson v. State*, 778 So. 2d 786, 790 (¶20) (Miss. Ct. App. 2001).

¶3.     Jackson filed his motion for records and transcripts in the trial court on February 23, 2015.   The trial court denied the motion on the basis that Jackson was not entitled to discovery.  Jackson timely appealed the order, and the Court of Appeals, relying on *Fleming v. State*, 553 So. 2d 505 (Miss. 1989), dismissed the appeal for lack of jurisdiction.  *Jackson v. State*, 2016 WL 1738925 (Miss. Ct. App. May 3, 2016).

¶4.     *Fleming,* however*,* is distinguishable insofar as Fleming was convicted by way of a guilty plea.  As such, he was required to file his motion for post-conviction relief in the trial court.  Miss. Code Ann. § 99-39-7 (Rev. 2015).  But instead of filing a motion for post-conviction relief, he filed an independent action in the trial court, seeking records and transcripts.  *Fleming,* 553 So. 2d at 505-06.  The trial court denied the motion because "Fleming 'failed to show a basis or need.'" *Id.* at 506.

¶5.     On direct appeal, the *Fleming* Court stated that a prisoner who has filed a proper motion pursuant to the Uniform Post-Conviction Collateral Relief Act, which has survived summary dismissal under Section 99-39-11(2) of the Mississippi Code, "may be entitled to trial transcripts or other relevant documents under the discovery provisions of [section] 99-39-15, upon good cause shown . . . ." *Id.* While a prisoner may appeal the denial of his

motion for post-conviction relief, and therein include a claim for records and transcripts, the

*Fleming* Court held:

> [N]othing in the Uniform Post-Conviction Collateral Relief Act or elsewhere gives a prisoner the right to institute an independent, original action for a free transcript or other documents, and then if dissatisfied with the trial court's ruling, to directly appeal that ruling to this court as a separate and independent action. Fleming did not file his request for free transcript and other documents as part of a motion under the Act for post-conviction collateral relief, nor is this claim raised as part of a direct appeal from conviction. Therefore, this appeal should be dismissed due to a lack of jurisdiction.

*Id.* Stated otherwise, because appellate courts lack jurisdiction over post-conviction motions which derive from guilty pleas, and Fleming's request for records and transcripts should have been part of such a motion, the *Fleming* Court dismissed that appeal for want of jurisdiction.

¶6.    Unlike the defendant in *Fleming,* Jackson did not enter a guilty plea, and he appealed his conviction and sentence.  *See Jackson,* 778 So. 2d at 787.  Therefore, Jackson must seek leave of this Court before filing a motion for post-conviction relief.   Until he does so, the trial court is without jurisdiction to entertain such matters.  Miss. Code Ann. § 99-39-7 (Rev. 2015).  Here, Jackson filed only a motion for records and transcripts in the trial court.  The trial court should have dismissed Jackson's motion for records and transcripts for want of jurisdiction rather than denying it on the merits.  Further, the Court of Appeals should have affirmed the trial court's dismissal on that basis.[1]

## CONCLUSION

---

[1] Final judgments from which a timely notice of appeal is filed confer jurisdiction upon the appellate courts to consider the lawfulness of the trial court's disposition. M.R.A.P. 4. In this case, the Court of Appeals had jurisdiction to consider whether the trial court had entered a proper disposition on Jackson's motion.

¶7. Accordingly, we find that the correct result was reached, as Jackson is not entitled to a free copy of the records and transcripts. But the trial court should have dismissed Jackson's motion for records and transcripts and the Court of Appeals should have recognized its jurisdiction to affirm that ruling.

¶8. **AFFIRMED**.

**DICKINSON AND RANDOLPH, P.JJ., KITCHENS, KING, COLEMAN, MAXWELL, BEAM AND CHAMBERLIN, JJ., CONCUR.**