# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-00124-COA

JOHNNY LEWIS WASHINGTON A/K/A
JOHNNY L. WASHINGTON A/K/A JOHNNY
WASHINGTON A/K/A JOHN LEWIS
WASHINGTON

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

DATE OF JUDGMENT: 12/21/2015
TRIAL JUDGE: HON. JAMES T. KITCHENS JR.
COURT FROM WHICH APPEALED: LOWNDES COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT: DAVID S. VAN EVERY SR.
ATTORNEY FOR APPELLEE: OFFICE OF THE ATTORNEY GENERAL
BY: BARBARA WAKELAND BYRD
NATURE OF THE CASE: CIVIL - POSTCONVICTION RELIEF
TRIAL COURT DISPOSITION: DENIED APPELLANT'S MOTION FOR
POSTCONVICTION RELIEF
DISPOSITION: AFFIRMED - 05/30/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., CARLTON AND GREENLEE, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1. On May 25, 1977, Johnny Washington was convicted of capital murder and sentenced to death. Washington then filed an unsuccessful direct appeal of his conviction and sentence to the Mississippi Supreme Court. He next filed a successful petition in federal court for habeas review. In accordance with the federal court's ruling, the Lowndes County Circuit Court resentenced Washington on February 25, 1983, to life in the custody of the Mississippi Department of Corrections (MDOC). On July 21, 2015, Washington filed a motion for

postconviction relief (PCR). On December 21, 2015, the circuit court entered an order denying Washington's PCR motion after finding that Washington's claims lacked merit.

¶2. Washington now appeals the circuit court's denial of his PCR motion, and he asserts the following assignments of error: (1) the sentencing court lacked authority pursuant to Mississippi Code Annotated section 99-19-101 (Rev. 2015) to resentence him; (2) the sentencing court exceeded its authority and went outside the district court's order; (3) he did not knowingly, intelligently, and voluntarily waive his constitutional right to a trial by jury for sentencing purposes; and (4) these errors constitute cumulative and plain error.

¶3. Upon review, we find the record reflects that Washington failed to obtain permission from the supreme court to file the instant PCR motion.[1] We therefore affirm the circuit court's denial of Washington's PCR motion, although we do so due to Washington's failure to obtain leave from the supreme court to proceed with his PCR motion.[2]

## FACTS

¶4. On May 25, 1977, a Lowndes County jury convicted Washington of capital murder for the shooting death of a man during the armed robbery of a convenience store. The jury subsequently sentenced Washington to death. On July 12, 1978, the supreme court affirmed Washington's conviction and sentence. *Washington v. State*, 361 So. 2d 61, 68 (Miss. 1978). Washington eventually petitioned the United States District Court for the Northern District

---

[1] *See Jackson v. State*, 67 So. 3d 725, 730 (¶17) (Miss. 2011); *Willie v. State*, 69 So. 3d 42, 44 (¶¶5-6) (Miss. Ct. App. 2011); Miss. Code Ann. § 99-39-7 (Rev. 2015).

[2] *See Jackson v. State*, 2015-CT-00521-SCT, 2017 WL 1026531, at *2 (¶6) (Miss. Mar. 16, 2017).

of Mississippi for a writ of habeas corpus. After conducting an evidentiary hearing on the matter, the district court denied habeas relief. Washington then appealed to the United States Court of Appeals for the Fifth Circuit, requesting habeas relief.

¶5.     Upon review, the Fifth Circuit found:

> Washington was not denied effective assistance of counsel in the guilt phase of his trial. . . . [H]owever, we conclude that the process by which the State secured a death sentence for Washington's crime was constitutionally flawed because the jury was precluded from considering nonstatutory mitigating factors in violation of the [United States] Supreme Court's *Lockett* [*v. Ohio*, 438 U.S. 586 (1978),] decision.

*Washington v. Watkins*, 655 F.2d 1346, 1377-78 (5th Cir. 1981). As a result, the Fifth Circuit reversed the district court's judgment denying Washington habeas relief, and the Fifth Circuit remanded the case "with instructions that the district court shall enter judgment granting appropriate habeas relief in accordance with this opinion[;] we leave it to the district court to determine, after briefing and argument by the parties, the precise form of such relief." *Id.* at 1378.

¶6.     In response to the Fifth Circuit's mandate regarding Washington's capital-murder conviction and sentence, the district court entered an order on May 18, 1982, and directed the circuit court to resentence Washington. The district court stated:

> After briefing and argument by the parties, we determine that the precise form of habeas relief required under these circumstances is to vacate [Washington's] death sentence, which will result in the imposition of a life sentence under Mississippi law[,] unless the State chooses to resentence [Washington] in accordance with state law. [Mississippi Code Annotated section] 99-19-101 (Supp. 1981) provides that[,] in the usual case of conviction of a capital offense, the separate sentencing proceeding is to be determined by the same trial jury which determined guilt, but that in cases, as here, where it is impossible or the trial court is unable to reconvene the original trial jury for a

3

hearing on the issue of penalty, the trial judge may summon another jury to determine the issue of the imposition of the penalty[.]

¶7. On February 25, 1983, Washington's defense counsel filed a motion in the circuit court to permit Washington to waive his jury trial and to impose a life sentence. The motion stated that Washington "respectfully requests that the court permit [him to] knowingly and intelligently and with the consultation and advice of counsel . . . waive trial by jury." The motion further requested that the circuit court impose a sentence of life imprisonment pursuant to Mississippi Code Annotated section 97-3-21 (Supp. 1977) as "the appropriate punishment."

¶8. The circuit court entered an order on February 25, 1983, and accepted Washington's waiver of trial by jury. The circuit court sentenced Washington to life imprisonment in MDOC's custody. This Court's opinion in *Washington v. State*, 154 So. 3d 34, 37 (¶4) (Miss. Ct. App. 2012), reflects that, "[o]n that same day, February 25, 1983, a Lowndes County grand jury indicted Washington for the armed robbery of Roy Thompson in Lowndes County cause number 7925. . . . Washington was also indicted for the aggravated assault of Elouise Clark in Lowndes County cause number 7926."[3] As a result, the sentencing circuit court further ordered Washington's life sentence for capital murder to run consecutively to his sentences for the two offenses he was indicted for that same day: armed robbery and aggravated assault.

---

[3] Washington later entered guilty pleas to the charges of armed robbery and aggravated assault. *Washington*, 154 So. 3d at 37 (¶4). The circuit court sentenced Washington to consecutive sentences of forty years for the armed-robbery conviction and twenty years for the aggravated-assault conviction, with both sentences to be served in MDOC's custody. *Id.*

4

¶9. On July 21, 2015, Washington filed a motion to vacate and set aside his sentence. The circuit court treated Washington's filing as a PCR motion. On December 21, 2015, the circuit court entered an order denying Washington's PCR motion after finding that Washington's claims lacked merit. As the record reflects, Washington did not plead guilty and was only resentenced. The record also reflects that Washington failed to obtain permission from the supreme court to file his instant PCR motion.[4]

## STANDARD OF REVIEW

¶10. When reviewing a circuit court's denial or dismissal of a PCR motion, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review. *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012).

¶11. We also review de novo the issue of jurisdiction since it constitutes a question of law. *Tyson Breeders Inc. v. Harrison*, 940 So. 2d 230, 232 (¶5) (Miss. 2006). In addressing Washington's appeal, we acknowledge that section 99-39-7 provides:

> The motion under this article shall be filed as an original civil action in the trial court, except in cases in which the petitioner's conviction and sentence have been appealed to the Supreme Court of Mississippi and there affirmed or the appeal dismissed. Where the conviction and sentence have been affirmed on appeal or the appeal has been dismissed, the motion under this article shall not be filed in the trial court until the motion shall have first been presented to a quorum of the Justices of the Supreme Court of Mississippi, convened for said purpose either in termtime or in vacation, and an order granted allowing the filing of such motion in the trial court.

## DISCUSSION

---

[4] *See Jackson*, 67 So. 3d at 730 (¶17); *Willie*, 69 So. 3d at 44 (¶¶5-6); Miss. Code Ann. § 99-39-7.

5

¶12.    As the procedural history of this case reflects, a jury convicted Washington of capital murder and sentenced him to death. The supreme court then affirmed Washington's conviction and sentence on direct appeal. *Washington*, 361 So. 2d at 68. Upon his request in federal court for habeas relief, the federal court set aside Washington's sentence. Afterwards, in 1983, the state circuit court resentenced Washington.

¶13.    We acknowledge that, pursuant to section 99-39-7, a prisoner must seek leave from the supreme court to proceed in the trial court where his "conviction and sentence have been appealed to the [supreme court] and there affirmed or the appeal dismissed." Miss. Code Ann. § 99-39-7. Since Washington filed a direct appeal of his original sentence and conviction, and since he failed to obtain permission to file the instant PCR motion, then the circuit court below lacked jurisdiction over Washington's motion for PCR. *See Rice v. State*, 189 So. 3d 722, 725 (¶12) (Miss. Ct. App. 2016). While the circuit court incorrectly denied rather than dismissed Washington's PCR motion, we find the distinction immaterial. We therefore affirm.

¶14.    **THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.**

        **LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**