# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-01510-COA

ANDRE J. JONES                                                                    APPELLANT

v.

STATE OF MISSISSIPPI                                                               APPELLEE

DATE OF JUDGMENT:                    10/06/2017
TRIAL JUDGE:                         HON. DAL WILLIAMSON
COURT FROM WHICH APPEALED:           JONES COUNTY CIRCUIT COURT,
                                     SECOND JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:              ANDRE J. JONES (PRO SE)
ATTORNEY FOR APPELLEE:               OFFICE OF THE ATTORNEY GENERAL
                                     BY: LISA L. BLOUNT
NATURE OF THE CASE:                  CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                         AFFIRMED: 12/11/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

## BEFORE IRVING, P.J., GREENLEE AND TINDELL, JJ.

### TINDELL, J., FOR THE COURT:

### FACTS AND PROCEDURAL HISTORY

¶1.     A Jones County jury found Andre Jones guilty of murder, and the circuit court sentenced Jones to life imprisonment in the custody of the Mississippi Department of Corrections. The Mississippi Supreme Court confirmed Jones's conviction and sentence in *Jones v. State*, 39 So. 3d 860, 868 (¶42) (Miss. 2010). Since then, Jones has filed six applications with the supreme court requesting leave to file a post-conviction relief (PCR) motion with the circuit court. The supreme court denied the first application on April 4, 2011. The supreme court dismissed five subsequent applications as untimely or successive.

¶2. Nine years after his conviction, Jones filed a "Motion for Production of Biological Evidence" with the circuit court on October 6, 2017, and requested the State produce: (1) inventory of biological evidence preserved in connection with his criminal case; (2) any results of reports or scientific tests or experiments connected with that evidence; and (3) certified copies of any results from the testing, analysis, or comparison of any biological evidence. The circuit court considered Jones's motion to be a PCR motion. Because the supreme court affirmed Jones's conviction on direct appeal, and Jones failed to obtain leave to file a PCR motion, the circuit court found it lacked jurisdiction to consider Jones's motion. The circuit court therefore dismissed the motion.

¶3. On appeal, Jones asserts the circuit court erred (1) in treating his motion as a PCR filing and (2) by dismissing his motion for lack of jurisdiction. Finding no error, we affirm the circuit court's dismissal of Jones's motion.

### STANDARD OF REVIEW

¶4. We decline to reverse a circuit court's dismissal of a PCR motion unless the circuit court's decision was clearly erroneous. *Thompson v. State*, 10 So. 3d 525, 527 (¶3) (Miss. Ct. App. 2009). We review issues of law de novo. *Id.*

### DISCUSSION

¶5. Jones filed a motion with the circuit court for the production of biological evidence that was used in connection with his conviction. He is not challenging his conviction or sentence, just the dismissal of his motion for production. The supreme court has held that "pleadings cognizable under the Uniform Post Conviction Collateral Relief Act [(UPCCRA)]

2

will be treated as . . . motions for [PCR] that are subject to the procedural rules promulgated therein, regardless of how the plaintiff has denominated or characterized the pleadings." *May v. State*, 116 So. 3d 1107, 1109 (¶4) (Miss. Ct. App. 2013) (quoting *Knox v. State*, 75 So. 3d 1030, 1035 (¶12) (Miss. 2011)). In *May*, May filed a motion with the circuit court requesting the production of documents from his court proceeding. *Id.* at 1108 (¶3). The circuit court interpreted May's motion as a PCR motion and dismissed it. *Id.* Similar to *May*, Jones's motion for the production of biological evidence is subject to the UPCCRA's procedural rules. Though titled a motion for the production of biological evidence, in his motion, Jones states that he is requesting the evidence based off of his indictment. Thus, Jones's filing amounts to a PCR motion that seeks to circumvent the supreme court's earlier denial of such relief, and the circuit court correctly dismissed it.

¶6.     Further, Jones did not have permission from the supreme court to file his current motion. Under Mississippi Code Annotated section 99-39-7 (Rev. 2015), a prisoner cannot file a PCR motion without permission from the supreme court if that prisoner's conviction has previously been affirmed by the court on appeal. Additionally, a circuit court lacks jurisdiction if the petitioner fails to request the supreme court's permission to file a PCR motion. *Cortez v. State*, 9 So. 3d 445, 446 (¶6) (Miss. Ct. App. 2009). In *Minor v. State*, Minor's conviction was affirmed by this Court on direct appeal. *Minor v. State*, 186 So. 3d 437, 438 (¶2) (Miss. Ct. App. 2016). Therefore, Minor sought permission to file multiple PCR motions, but the supreme court repeatedly denied permission. *Id.* at (¶3). Minor then filed a motion to compel the Mississippi Crime Laboratory to produce evidence found at the

3

crime scene. *Minor*, 186 So. 3d at 439 (¶4). However, the circuit court lacked jurisdiction because Minor did not file his motion to compel as a PCR motion and did not seek permission from the supreme court before filing his motion; thus, the circuit court dismissed it. *Id.* Here, similar to *Minor*, the supreme court affirmed Jones's conviction on direct appeal in 2010. Jones then filed numerous unsuccessful requests with the supreme court for permission to file a PCR motion. However, without permission from the supreme court to file his current motion, the circuit court lacked jurisdiction to consider it. Thus, the circuit court properly denied the motion for lack of jurisdiction.

¶7. There are circumstances under which a prisoner may be entitled to certain transcripts and documentation. Under the UPCCRA, a prisoner, who shows good cause and with the discretion of the circuit court, may be entitled to trial transcripts and other documents if he filed a proper motion that "withstood summary dismissal." *Fleming v. State*, 553 So. 2d 505, 506 (Miss. 1989). However, the supreme court has stated:

> [N]othing in the [UPCCRA] or elsewhere gives a prisoner the right to institute an independent, original action for a free transcript or other documents, and then if dissatisfied with the trial court's ruling, to directly appeal that ruling to this court as a separate and independent action.

*Id*. In *Fleming*, Fleming did not request the production of documents with a PCR motion or on direct appeal. *Id.* at 505. Instead, Fleming filed an independent motion with the circuit court and asked for the production of the sentencing transcript and other court records. *Id.* Overall, the circuit court "denied" Fleming's motion for the production of documents. *Id.* at 506. Like Fleming, Jones filed his motion for the production of biological evidence separate from a PCR motion and not as part of a direct appeal. None of Jones's previous

4

PCR motions withstood summary dismissal; as a result, Jones is now seeking an independent action for a free copy of biological evidence. Thus, Jones is not entitled to the production of the documents.

## CONCLUSION

¶8. The circuit court correctly interpreted Jones's motion as a PCR motion and dismissed it. Even though Jones states he is not filing a PCR motion or challenging his conviction or sentence, as a prisoner he is not entitled to the production of documents through an independent civil action separate from a direct appeal or a PCR motion. Further, the circuit court lacked jurisdiction to consider Jones's motion because he never sought the supreme court's permission to file such relief. We therefore affirm the circuit court's dismissal of Jones's motion for production of biological evidence.

¶9. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR. BARNES. J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**