# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CP-00613-COA

**TOMMIE LEE PAGE**                                             **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                        **APPELLEE**

DATE OF JUDGMENT:              04/29/2024
TRIAL JUDGE:                   HON. JAMES T. KITCHENS JR.
COURT FROM WHICH APPEALED:     OKTIBBEHA COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        TOMMIE LEE PAGE (PRO SE)
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                               BY: SCOTT STUART
NATURE OF THE CASE:            CIVIL - OTHER
DISPOSITION:                   AFFIRMED - 05/20/2025
MOTION FOR REHEARING FILED:

**BEFORE CARLTON, P.J., McCARTY AND WEDDLE, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1.     Over two decades after a jury determined Tommie Page had attacked a woman with a knife, he filed a motion for discovery in the circuit court of his conviction. The court rejected the motion, finding that Page was not allowed to seek these records outside a petition for post-conviction collateral relief.

¶2.     In early 2001, an Oktibbeha County grand jury returned an indictment charging Page with aggravated assault for cutting Karen Hendrix with a knife. He was found guilty and sentenced as a habitual offender to life imprisonment. We found the evidence was sufficient to support the conviction and that the jury's verdict was not against the weight of the evidence in his direct appeal. *Page v. State*, 843 So. 2d 96, 98 (¶8) (Miss. Ct. App. 2003)

(finding the jury could have believed the victim's testimony "that she was attacked by Page, who was wielding a knife, and that she received lacerations while attempting to defend herself from his attack," especially as "there [was] no competing evidence tending to contradict the testimony").

¶3. In 2024, Page filed an original proceeding he titled "*Petitioner's Request for Production of Documents*." He "invoke[d] the discovery process" of Rule of Civil Procedure 34, which pertains to the production of documents. It was not clear exactly what documents Page was requesting, but he cited a statute that allows discovery in PCR cases. In the petition, he detailed how he had not been able to contact his trial lawyer, who he believed left the State, and that the circuit clerk's office told him that they did not have the information he wanted but that it may be in the possession of the district attorney. As such, it appears Page was not requesting a transcript of his trial or a copy of the clerk's papers but, rather, discovery that was available during his prosecution.

¶4. The circuit court ruled not long after Page filed his petition. The court determined "this is an original action for records, and as such, is barred" by Mississippi Supreme Court precedent, so the motion was "denied." "However, if the Petitioner so wishes to make arrangements with the Circuit Clerk's office to pay for said records, that would be the Petitioner's prerogative." Page appealed, and the case was assigned to us.

¶5. State law establishes that

> (1) A party may invoke the processes of discovery available under the Mississippi Rules of Civil Procedure or elsewhere in the usages and principles of law if, and to the extent that, *the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise*.

2

(2) Requests for discovery shall be accomplished by a statement of the interrogatories or requests for admission and a list of the documents, if any, sought to be produced.

Miss. Code Ann. § 99-39-15 (Rev. 2020) (emphasis added). This statute appears in the Mississippi Uniform Post-Conviction Collateral Relief Act. The Mississippi Supreme Court has interpreted this statute as allowing discovery *only* when it accompanies a properly filed PCR petition. As the Court reasoned:

> However, nothing in the Uniform Post-Conviction Collateral Relief Act or elsewhere gives a prisoner the right to institute an *independent, original action* for a free transcript *or other documents*, and then if dissatisfied with the trial court's ruling, to directly appeal that ruling to this court as a separate and independent action.

*Fleming v. State*, 553 So. 2d 505, 506 (Miss. 1989) (emphasis added). The PCR statutes "do[] not permit an appeal from the denial of a motion for a transcript or other records as a separate action in and of itself." *Id*. Accordingly, it found Fleming's "appeal should be dismissed due to a lack of jurisdiction." *Id*.

¶6.     While *Fleming* involved a person who had pled guilty, in a subsequent case the Supreme Court made clear that it would extend the rule to those who had proceeded through direct appeal, like Page in this case. *Jackson v. State*, 225 So. 3d 1207, 1208 (¶6) (Miss. 2017). The Court pointed out that the petitioner "filed only a motion for records and transcripts in the trial court," and "[t]he trial court should have dismissed [the] motion for records and transcripts for want of jurisdiction rather than denying it on the merits." *Id*.; *see also Minor v. State*, 186 So. 3d 437 (Miss. Ct. App. 2016) (affirming the dismissal of a motion for crime lab test results that were not attached to a PCR filing).

¶7.     The same result must be reached in this case. As *Fleming*, *Jackson*, and *Minor* make clear, a petitioner may not file a standalone discovery request related to a criminal conviction. Instead, it must be included alongside a PCR and conform to statute. As we recently phrased it in interpreting *Jackson*, "a trial court lacks jurisdiction to consider a PCR motion for documents and transcripts when it is not a part of a properly filed PCR motion." *Tallant v. State*, 345 So. 3d 575, 584 (¶21) (Miss. Ct. App. 2021).

¶8.     Because Page filed a standalone discovery request outside of a PCR petition, the circuit court was correct that the court could not grant relief, as it did not have jurisdiction over such a claim.[1] Any PCR Page sought must be obtained through permission of the Supreme Court. *See* Miss. Code Ann. § 99-39-7 (Rev. 2020); *Jones v. State*, 399 So. 3d 184, 185 (¶5) (Miss. Ct. App. 2025) ("If a prisoner's conviction and sentence have been affirmed on direct appeal, the prisoner *must* obtain permission from the Mississippi Supreme Court *before* filing a PCR motion in the trial court"). Therefore, the circuit court's order is **AFFIRMED**.

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, EMFINGER, WEDDLE AND ST. PÉ, JJ., CONCUR.**

---

[1] While the circuit court ruled that it *denied* Page's claim, we note that pursuant to the Supreme Court's decision in *Jackson*, the precise terminology is *dismissal*. *Jackson*, 225 So. 3d at 1208 ("The trial court should have dismissed [the] motion for records and transcripts for want of jurisdiction rather than denying it on the merits"). "In a 'dismissal,' the court finally disposes of an action, suit, motion, etc. without reaching the merits and without trial of the issues involved." *Hull v. State*, 356 So. 3d 169, 171 n.1 (Miss. Ct. App. 2023). In contrast, when a circuit court reviews and then rejects the merits of a PCR petition, it denies (rather than dismisses) the claims. *Id*. Since the circuit court did not have jurisdiction to entertain Page's claim, the motion for discovery required dismissal on its face, not denial on its merits.