# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-KP-02064-COA

DONALD WILLIAMS, JR. A/K/A DONALD WILLIAMS

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 11/08/2013 |
| TRIAL JUDGE: | HON. ANTHONY ALAN MOZINGO |
| COURT FROM WHICH APPEALED: | PEARL RIVER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DONALD WILLIAMS JR. (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LISA L. BLOUNT |
| DISTRICT ATTORNEY: | HALDON J. KITTRELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF FAILURE TO REGISTER AS A SEX OFFENDER AND SENTENCED AS A HABITUAL OFFENDER TO LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT THE POSSIBILITY OF PAROLE OR PROBATION |
| DISPOSITION: | AFFIRMED - 06/09/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., ROBERTS, AND CARLTON, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1. A Pearl River County jury convicted Donald Williams Jr. on October 17, 2013, of failing to register as a sex offender in violation of Mississippi Code Annotated section 45-33-33(1)(a) (Supp. 2014). The trial court then sentenced Williams as a habitual offender to life pursuant to Mississippi Code Annotated section 99-19-83 (Supp. 2014). Aggrieved,

Williams appeals, claiming that he was subjected to double jeopardy. Finding no error, we affirm Williams's conviction and sentence.

**FACTS**

¶2.     In March 1995, a Minnesota trial court convicted Williams of criminal sexual conduct, third degree. Mississippi law requires sex offenders moving to Mississippi from out of state to report to their local sheriff's department first to register, then to take that paperwork to the Department of Public Safety (DPS) driver's license station to continue to register. *See* Miss. Code Ann. § 45-33-33. Mississippi law also states that "[u]pon any change of address, including temporary lodging, an offender required to register under this chapter is required to personally appear at a Department of Public Safety [d]river's [l]icense [s]tation not less than ten (10) days before he intends to first reside at the new address." Miss. Code Ann. § 45-33-29(1) (Rev. 2011). Upon moving to Mississippi, Williams registered as a sex offender with the Forrest County Sheriff's Department on March 15, 2011. Williams identified his address as Motel 6, 6508 Highway 49 #105, Hattiesburg, Mississippi.

¶3.     Then on July 2, 2012, Williams re-registered with DPS and gave his residence address as America's Best Value Inn and Suites, 999 Cooper Road, Picayune, Mississippi, located in Pearl River County. However, the facts show that Williams was living in Clinton, Mississippi, at the Clinton Inn Motel. The facts further show that Williams failed to comply with the sex-offender re-registration procedure required by section 45-33-29 when changing addresses from 999 Cooper Road in Picayune.

¶4.     On September 28, 2012, the Clinton Police Department contacted the Pearl River

2

County Sheriff's Department about Williams, explaining that they discovered Williams was staying in the Clinton area, but was registered with the DPS Sex Offender Registry as living in Pearl River County. Investigator Christopher Robbins went to America's Best Value Inn and Suites, 999 Cooper Road, Picayune, to verify Williams lived there. The front desk clerk verified that Williams had resided there from July 2, 2012, through July 27, 2012, and provided an invoice of his stay and his paid balance. According to Investigator Robbins, Williams never contacted the Pearl River County Sheriff's Department or the DPS driver's license station with a change of address from 999 Cooper Road.[1] Investigator Robbins then charged Williams with failure to register as a sex offender for failing to notify the DPS ten days prior to changing addresses. Williams was indicted on October 2, 2013, as a habitual offender,[2] and a trial was held on October 17, 2013.

¶5.     Vimal Patel, the manager of America's Best Value Inn and Suites in Picayune, testified at trial that he knew Williams as a guest at the hotel. Williams checked into the hotel July 2, 2012, and checked out July 27, 2012. Patel testified that Williams did not stay at the hotel after July 27.

---

[1] Investigator Robbins testified at trial that Williams re-registered as a sex offender on September 28, 2012, still listing his address as America's Best Value Inn and Suites, 999 Cooper Road, Picayune, Mississippi, located in Pearl River County.

[2] The grand jury originally indicted Williams on February 11, 2013. The indictment was amended on October 2, 2013, to reflect Williams's status as a habitual offender pursuant to section 99-19-83. The amended indictment provided that Williams was previously convicted of aggravated battery in Illinois on December 19, 2008, and sentenced to serve three years in the custody of the Illinois Department of Corrections. The amended indictment further provided that Williams was convicted of criminal sexual conduct in the third degree in Minnesota on March 2, 1995, and sentenced to serve eighteen months with ten years' probation in the custody of the Minnesota Department of Corrections.

3

¶6.    With respect to the length of time Williams resided in Clinton, Stephen McCraney, Mississippi College public safety director, testified that on September 10, 2012, a student reported that a black male approached her and told her that he was a professor and had been out of work for period of time. The black male told the student that he was looking for a job, and that he wanted to get a ride into the city to get something to eat. On September 17, 2012, another student notified the college that she had seen "Dr. Williams" in the math and science building on campus. McCraney then located Williams on campus and learned from him, as well as from a professor and others at the college, that Williams had been residing at the Clinton Inn Motel in Clinton from September 10, 2012, through September 17, 2012. McCraney discovered Williams was a registered sex offender. McCraney advised Williams that he would be arrested for trespassing if he returned to the campus.

¶7.    Wesley Luckey, assistant director of the DPS Criminal Information Center and overseer of the day-to-day operations of the sex-offender registry, testified as to the registration and re-registration of sex offenders in Mississippi. He also testified regarding the maintenance of the records. Luckey testified that the records of the DPS Criminal Information Center showed that in March 2011, prior to moving to Mississippi from Arkansas, Williams completed an "Arkansas Crime Information Center State Sex Offender Registry Change of Address Form for Registered Sex Offenders." The form notified authorities that he was moving to 6508 U.S. Highway 49 #105, Hattiesburg, Mississippi, 39402. On July 2, 2012, Williams re-registered by personally appearing at the DPS driver's license station in Picayune. The records further reflected that he gave a primary residential

street address of 999 Cooper Road, Picayune, Mississippi, 39466 in Pearl River County. Then, on September 28, 2012, the records showed that Williams re-registered at the DPS main headquarters in Jackson and gave the same 999 Cooper Road address in Picayune as his primary residence. Luckey testified that neither the DPS nor the driver's license stations received any documentation or notification from Williams that he had moved from the 999 Cooper Road address in Picayune. Luckey testified that he, as overseer of the day-to-day operations of the sex-offender registry, would have a copy of any information submitted by Williams. Luckey further testified that every time Williams re-registered with DPS, Williams signed an acknowledgment, confirming that he possessed a duty to notify DPS if he was not living at the registered address, and confirming knowledge to report any changes of address by personally appearing at a DPS driver's license station not less than ten days before changing addresses.

¶8.     Williams chose not to testify in his own defense. However, he represented himself at trial, and he presented his own argument to the trial court. Williams contended that the Picayune police evicted him from the America's Best Value Inn at 999 Cooper Road in Picayune. He claimed he did not voluntarily check out; instead, the police forced him to leave, telling him that he "shouldn't be living in Mississippi," and allegedly threatening his family. Williams alleged that the police evicted him from the America's Best Value Inn because they did not want him representing himself in court.

¶9.     Williams called taxi cab driver Victor Buckley to testify on his behalf. Buckley testified that on July 27, 2012, he received a call to America's Best Value Inn in Picayune.

When he arrived at the hotel, Buckley saw Williams and his family outside the hotel. Buckley stated that the family loaded their belongings into his taxi in a rushed manner, and then Buckley drove Williams, his wife, two children, and their belongings from America's Best Value Inn to a hotel in Slidell, Louisiana. Williams called no further witnesses in his defense at trial.[3]

¶10. The jury found Williams guilty of failing to register as a sex offender. At a sentencing hearing on the following day, the State introduced into evidence documents showing that Williams's prior predicate offenses established his status as a habitual offender in accordance with section 99-19-83. First, the State provided a certified order of Williams's conviction for criminal sexual conduct in the third degree in Minnesota. The document revealed that Williams pled guilty and was convicted of the crime of criminal sexual conduct in the third degree. The Minnesota court sentenced him to a term of eighteen months that was suspended on ten years' probation. A pen-pack from the Minnesota Department of Corrections established that Williams's suspended sentence was revoked, and he served more than a year of his sentence. The State next provided an order of conviction showing that on December 19, 2008, Williams pled guilty to aggravated battery in Illinois and was sentenced to three years. Williams served approximately 483 days of that sentence. The State explained that

---

[3] The transcript reflects that during Williams's cross-examination of Patel, Williams exclaimed: "We'll subpoena his wife. Okay. We'll subpoena his wife." Later during the trial, out of the presence of the jury, the trial judge stated that "it was requested by [Williams] that Mrs. Patel, after Mr. Patel testified, that she be subpoenaed. It was an inappropriate, untimely request of the court in the middle of someone's testimony that is not according to the rules of court. The court doesn't recognize that that was a valid subpoena [or] a legal request to bring Mrs. Patel in."

the criminal-sexual-conduct conviction and the aggravated-battery conviction each arose out of separate incidents, and were committed at separate times in separate states. The trial court accordingly found that Williams qualified as a habitual offender under section 99-19-83 and sentenced him to life imprisonment.

¶11. Williams now appeals, arguing that his right to due process was violated and that he was subjected to double jeopardy in violation of the United States Constitution. Williams further argues that the trial court erred in denying his motion to dismiss his case based on a double-jeopardy violation. Williams seeks for this Court to vacate his conviction and sentence, and to also "provide him with a one[-]way bus ticket to the state of Florida upon his release."

## STANDARD OF REVIEW

¶12. "We apply a de novo review to claims of double jeopardy and to questions of law." *Foreman v. State*, 51 So. 3d 957, 960 (¶8) (Miss. 2011). "Double jeopardy consists of three separate constitutional protections: (1) protection against a second prosecution for the same offense after acquittal, (2) protection against a second prosecution for the same offense after conviction, and (3) protection against multiple punishments for the same offense." *Powell v. State*, 806 So. 2d 1069, 1074 (¶8) (Miss. 2001). In *Blockburger v. United States*, 284 U.S. 299, 304 (1932), the United States Supreme Court provided:

> The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either

7

statute does not exempt the defendant from prosecution and punishment under the other.

*Id.* (internal citations and quotation marks omitted).

¶13. "The standard of review regarding admission or exclusion of evidence is abuse of discretion. Where error involves the admission or exclusion of evidence, this Court will not reverse unless the error adversely affects a substantial right of a party." *Whitten v. Cox*, 799 So. 2d 1, 13 (¶27) (Miss. 2000) (citation and internal quotation marks omitted).

**DISCUSSION**

¶14. Before trial, Williams raised the issue of double jeopardy before the trial court, and the trial court ruled on the issue after hearing from the State. Williams contends that he was subjected to double jeopardy because he was previously charged with failure to register as a sex offender in 2009 in Marion County, and he was convicted in the instant case for failing to register on July 26, 2012, in Pearl River County. Williams states that when he was charged in 2009 with failure to register, he was "taken to trial . . . but not found guilty." As explained in this opinion, the record reflects that the State engaged in no double prosecution of the same offense and committed no double-jeopardy violation.

¶15. We acknowledge that the Fifth Amendment to the United States Constitution, as well as Article 3, Section 22 of the Mississippi Constitution, protect against double jeopardy, providing that no person shall be prosecuted twice for the same offense. The Double Jeopardy Clause "prevents a second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction, and against multiple punishments for the same offense." *Thomas v. State*, 930 So. 2d 1264, 1265-66 (¶5) (Miss. Ct. App. 2005)

8

(citing *Greenwood v. State*, 744 So. 2d 767, 770 (¶14) (Miss. 1999)). This case, however, fails to involve facts wherein the State prosecuted a defendant twice for the same crime.

¶16. In the present case, the record reflects that in 2009, a Marion County grand jury indicted Williams for failure to register as a sex offender. However, the record shows that the 2009 indictment arose out of separate and distinct facts and circumstances in Marion County. The offenses underlying the indictment and conviction herein occurred on July 2012 in a different county. The record reflects no double-jeopardy violation, since the offenses occurred on different dates, in different counties, and arose out of distinctly different facts. Additionally, the State explained that "[t]he 2009 allegation indictment was dismissed by nol[le] pros[equi] with the right to re-indict without prejudice."[4] After hearing pretrial arguments from the State and Williams, the trial judge ultimately held that Williams "has not been . . . prosecuted in this court at this time for a crime that . . . has already been adjudicated. . . . This is a totally separate set of facts and circumstances from what happened in Marion County. So double jeopardy does not apply." In applying a de novo standard of review to this question of law, we find no error in the trial court's determination that Williams failed to establish any double-jeopardy violation. *See Foreman*, 51 So. 3d at 960

---

[4] We recognize that "the entry of a nolle prosequi unconditionally dismisses a criminal indictment, but without prejudice to the State to seek re-indictment." *Payton v. State*, 41 So. 3d 713, 717 (¶12) (Miss. Ct. App. 2009) (citation omitted). "[J]eopardy attaches when a jury is empaneled or sworn[.]" *Deeds v. State*, 27 So. 3d 1135, 1139 (¶10) (Miss. 2009) (citing *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 569 (1977)). Further, "[t]he United States Supreme Court has consistently adhered to the view that jeopardy does not attach until 'the defendant is put to trial before the trier of the facts, whether the trier be a jury or a judge.'" *Id*. (quoting *United States v. Jorn*, 400 U.S. 470, 479 (1971)).

(¶8).

¶17.    Williams next claims he was denied the basic fundamental right to call a witness at trial, namely Detective Chris Toast of the Picayune Police Department, who Williams claims was responsible for his eviction from the America's Best Value Inn in Picayune. Williams claimed he requested a subpoena be issued to Detective Toast. However, no record exists in the court file or evidence of any such request. On the day of trial, the trial court allowed Williams to issue subpoenas, including one to Detective Toast. The trial court issued the subpoenas, and Williams's witnesses appeared to testify, except for the witnesses identified in the subpoena as "all accompanying police officers, et cetera, who answer[ed] a call to [America's Best Value Inn] . . . that day, at that time, that year" of the alleged eviction in Picayune. The trial judge informed Williams that this subpoena was "impossible to fulfill." The trial court further explained to Williams that "it's impossible for the court to read your mind . . . . [T]he scope is too broad for the court to realistically try to round up people that may or may not have been there or should have been there in law enforcement." The record reflects that a detective from the Picayune Police Department by the name of Chris Toft did appear to testify, but once he was called to the stand, Williams quickly informed the judge that Detective Toft was not the officer who evicted him from the hotel.

¶18.    As stated, this Court reviews a trial judge's decision to admit or exclude evidence for abuse of discretion. *Whitten*, 799 So. 2d at 13 (¶27). The Mississippi Supreme Court has held "that a defendant does not have a constitutional right to subpoena 'anyone or anything he pleases.'" *Patton v. State*, 109 So. 3d 66, 79 (¶39) (Miss. 2012). Additionally, "the right

10

to call witnesses is limited to relevant and material testimony," and the defendant bears the burden of demonstrating a "colorable need for the witness." *Id*. Furthermore, Uniform Rule of Circuit and County Court 3.09 provides: "No party shall subpoena unnecessary witnesses to repeatedly prove the same fact or set of facts."

¶19. After our review of the transcript, we find no abuse of discretion by the trial court's denial of Williams's attempt on the day of trial to broadly and ambiguously subpoena "all accompanying police officers, et cetera, who answer[ed] a call to [America's Best Value] hotel . . . that day, at that time, that year" of the alleged eviction in Picayune. This issue is without merit.

¶20. **THE JUDGMENT OF THE PEARL RIVER COUNTY CIRCUIT COURT OF CONVICTION OF FAILURE TO REGISTER AS A SEX OFFENDER AND SENTENCE AS A HABITUAL OFFENDER OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT THE POSSIBILITY OF PAROLE OR PROBATION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PEARL RIVER COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.**