# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-00729-COA

**CORY COTTEN A/K/A CORY A. COTTEN**                               **APPELLANT**
**A/K/A COREY COTTON**

**v.**

**STATE OF MISSISSIPPI**                                                      **APPELLEE**

DATE OF JUDGMENT:                 04/07/2015
TRIAL JUDGE:                      HON. WAYMAN DAL WILLIAMSON
COURT FROM WHICH APPEALED:        JONES COUNTY CIRCUIT COURT,
                                  SECOND JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:           CORY COTTEN (PRO SE)
ATTORNEY FOR APPELLEE:            OFFICE OF THE ATTORNEY GENERAL
                                  BY: SCOTT STUART
NATURE OF THE CASE:               CIVIL - POSTCONVICTION RELIEF
TRIAL COURT DISPOSITION:          MOTION FOR POSTCONVICTION RELIEF
                                  DISMISSED
DISPOSITION:                      AFFIRMED - 08/30/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE ISHEE, P.J., CARLTON AND JAMES, JJ.**

**JAMES, J., FOR THE COURT:**

¶1.     Cory Cotten appeals from the dismissal of his motion for postconviction relief (PCR).

Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     On July 20, 2013, Cotten was indicted for exploitation of children in violation of

Mississippi Code Annotated section 97-5-33(3) and (5) (Rev. 2014).  Cotten pled guilty as

charged, and the circuit court sentenced him to ten years in the Mississippi Department of

Corrections' custody, with five years to serve, and five years suspended upon successful

completion of five years of postrelease supervision.

¶3. On April 6, 2015, Cotten filed a PCR motion claiming that his indictment was defective because it did not include the names and ages of the minor victims. On April 8, 2015, the circuit court dismissed Cotten's PCR motion.

¶4. Cotten appeals arguing that his indictment was defective because the names and ages of the minor victims were omitted, and the indictment failed to include all the essential elements of the crime of exploitation of children. Cotten also argues that these omissions expose him to double jeopardy. Finding no error, we affirm.

## STANDARD OF REVIEW

¶5. When reviewing a circuit court's decision dismissing a PCR motion, this Court will not reverse absent a finding that the circuit court's decision was clearly erroneous. *Wilson v. State*, 76 So. 3d 733, 735 (¶9) (Miss. Ct. App. 2011). "However, questions of law are reviewed de novo." *Id*. "The circuit court may summarily dismiss a PCR motion where 'it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.'" *Dickens v. State*, 119 So. 3d 1141, 1143 (¶6) (Miss. Ct. App. 2013) (quoting Miss. Code Ann. § 99-39-11(2) (Rev. 2015)). "This Court will affirm the summary dismissal of a PCR motion if the movant fails to demonstrate a claim procedurally alive substantially showing the denial of a state or federal right." *Id.* at 1144-45 (¶6).

## DISCUSSION

### I. Indictment

2

¶6. Cotton argues that the absence of the minor victims' ages and names from the indictment rendered it fatally defective. Cotten argues that the names and exact ages of the minor children are essential elements of the crime of exploitation of children.

¶7. "An indictment must contain (1) the essential elements of the offense charged, (2) sufficient facts to fairly inform the defendant of the charge against which he must defend, and (3) sufficient facts to enable him to plead double jeopardy in the event of a future prosecution for the same offense." *Miller v. State*, 18 So. 3d 898, 907 (¶40) (Miss. Ct. App. 2009). Generally, an indictment tracking the language of the criminal statute is sufficient to inform the defendant of the charged crime. *Batiste v. State*, 121 So. 3d 808, 836 (¶43) (Miss. 2013).

¶8. Cotten was indicted for exploitation of children in violation of section 97-5-33(3) and (5), which provides:

> No person shall, by any means including computer, knowingly send, transport, transmit, ship, mail or receive any photograph, drawing, sketch, film, video tape or other visual depiction of an actual child engaging in sexually explicit conduct.
>
> . . . .
>
> No person shall, by any means including computer, knowingly possess or knowingly access with intent to view any photograph, drawing, sketch, film, video tape or other visual depiction of an actual child engaging in sexually explicit conduct.

¶9. Subsections (3) and (5) of section 97-5-33 require a "photograph, drawing, sketch, film, video tape or other visual depiction of an actual child engaging in sexually explicit conduct." For purposes of the crime of exploitation of children, Mississippi Code Annotated

3

section 97-5-31(a) (Rev. 2014) defines "child" as "any individual who has not attained the age of eighteen (18) years."

¶10.    Cotten's indictment provided in pertinent part:

> Cory Cotten aka Corey Cotton, [a] male person above the age of 21 years, in said County, District, and State, on or about and during the month of October, 2012 A.D., did willfully, unlawfully, and knowingly receive and possess a photograph of two minors under the age of eighteen (18) years, said minors being actual human beings, engaging in explicit sexual conduct, to wit: masturbation[,] in violation of Section 97-5-33(3)(5), Mississippi Code of 1972, and contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Mississippi.

¶11.    Cotten's indictment sufficiently tracks the language of section 97-5-33. As for the age of the child, the essential element is that the individual has not attained the age of eighteen years. The indictment specified that the two minors were under the age of eighteen. The *exact* age of the minor victim is not an essential element under section 97-5-33. Furthermore, the name of the child is not required under section 97-5-33. Thus, the name of the child depicted is not an essential element of the crime of exploitation of children under section 97-5-33. Cotten's indictment tracked the language of the statute, and contained all the essential elements of the crime. This issue is without merit.

¶12.    Cotten also claims the absence of the names and ages of the minors subjects him to potential prosecution for the same offense twice because the State could insert the names and ages into another indictment and prosecute him for the same offense. Cotten claims this prevents him from being able to plead double jeopardy in the event of future prosecution.

¶13.    "The indictment upon which the defendant is to be tried shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged and shall

4

fully notify the defendant of the nature and cause of the accusation against him." *Tapper v. State*, 47 So. 3d 95, 101 (¶22) (Miss. 2010). "The primary purpose of an indictment is to give a defendant fair notice of the crime charged." *Williams v. State*, 169 So. 3d 932, 935 (¶9) (Miss. Ct. App. 2014).

¶14. We find that Cotten's indictment contained the essential facts fully notifying him of the nature and cause of the action against him. Also, Cotten was informed of sufficient facts allowing him to plead double jeopardy in the event of future prosecution. Cotten was able to negotiate a plea agreement with the State and ultimately pled guilty to exploitation of children.

¶15. Because we find that Cotten's indictment was legally sufficient, we affirm the trial court's dismissal of his PCR motion.

¶16. **THE JUDGMENT OF THE CIRCUIT COURT OF JONES COUNTY, SECOND JUDICIAL DISTRICT, DISMISSING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JONES COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR.**